```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
```
In re:

ANDRAS FRANKL,

                Debtor.

Chapter 7

Case No. 18-11283 (MKV)

```
---------------------------------------------------------------x
```

COMBINED RESOURCES INTERIORS, INC.,

                Plaintiff,

              v.

ANDRAS FRANKL,

                Defendant.

Adv. Pro. No. 18-01619 (MKV)

```
---------------------------------------------------------------x
```

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## <u>DISMISSING ADVERSARY PROCEEDING</u>

*A P P E A R A N C E S:*

JEFFREY HERZBERG, PC
*Counsel for the Plaintiff*
300 Rabro Drive, Suite 114
Hauppauge, NY 11788
By:    Jeffrey Herzberg

MORRISON TENENBAUM PLLC
*Counsel for the Debtor/ Defendant*
87 Walker Street, Floor 2
New York, NY 10013
By:    Lawrence F. Morrison
        Brian J. Hufnagel (Argued)

**MARY KAY VYSKOCIL**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are two motions for summary judgment. The first, by Combined Resources Interiors, Inc. (the "Plaintiff"), seeks a determination that the Plaintiff's claim of $79,216.18 is non-dischargeable. ECF No. 7.[1] The second, filed in response by the Debtor Andreas Frankl (the "Debtor" or "Defendant"), seeks dismissal of the Plaintiff's adversary proceeding on the ground that this suit is time-barred. ECF No. 9. For the reasons set forth below, the Plaintiff's motion is **DENIED**. Defendant's cross-motion is **GRANTED** and this adversary proceeding is hereby dismissed.

*PROCEDURAL BACKGROUND*

On May 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The 341 meeting was scheduled for June 7, 2018, and in accordance with Bankruptcy Rule 4007, the deadline to object to the Debtor's discharge was set for August 6, 2018—60 days from the first date set for the 341 meeting (the "Objection Deadline"). Notice of the Chapter 7 case, 341 meeting, and the discharge objection deadline (noted in bold) were mailed on May 5, 2018, to all creditors, including the Plaintiff. *See* Case No. 18-11283 (the "Main Case"), ECF No. 6.

Well after the Objection Deadline, on August 30, 2018, the Plaintiff filed its complaint (the "Complaint" or "Compl.") commencing this adversary proceeding against the Debtor. ECF No. 1. The Complaint seeks to except the Plaintiff's claims against the Debtor from discharge pursuant to sections 523(a)(2), (4), and (6) of the Bankruptcy Code and Bankruptcy Rules 4007

---

[1] Unless otherwise indicated, all references to "ECF No." are to documents identified by docket entry, filed in the adversary proceeding number 18-1619 (MKV).

2

and 7001. Plaintiff alleges that it is owed payments in the sum of $79,216.18 for work, labor and services provided to the Debtor on two construction projects, on which the Plaintiff was a subcontractor and the Debtor was the principal of the general contractor, IBEX Construction Company, LLC ("IBEX"). *See* ECF No. 1, Compl. ¶ 7-12. The Defendant's Answer, ECF No. 4, did not invoke the Plaintiff's untimeliness as an affirmative defense or otherwise note that the adversary proceeding was commenced after the expiration of the statutory deadline to object to discharge.

On December 14, 2018, the Plaintiff filed a Motion ("Plaintiff S.J. Motion"), pursuant to Bankruptcy Rule 7056 and Fed. R. Civ. P. Rule 56, seeking summary judgment on its non-dischargeability claim under 523(a)(4) of the Bankruptcy Code. ECF No. 7.[2] Section 523(a)(4) states in pertinent part that an individual debtor is not discharged of a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

Defendant timely filed his opposition, and simultaneously made a cross-motion for summary judgment ("Defendant S.J. Motion" or "Cross-Motion") seeking dismissal of the case. ECF No. 9. Defendant argues that he should prevail as a matter of law because the Plaintiff failed to object to discharge within the time constraints prescribed by Rule 4007. *See* Def.'s S.J. Mot. at 5-7. The Plaintiff filed a Reply (the "Reply") in response to the Defendant's Opposition and Cross-Motion for summary judgment, in which Plaintiff argued that the Defendant had forfeited his untimeliness defense by failing to assert it in his original answer. ECF No. 10.

---

[2] The Complaint also asserts claims of non-dischargeability under 11 U.S.C. §§ 524(a)(2) and (a)(6). Plaintiff seeks summary judgment only on the count under 11 U.S.C. § 523(a)(4).

3

At the hearing on the competing motions for summary judgment,[3] the Court directed the Parties to submit supplemental memoranda of law on the issue of whether the Defendant's Cross-Motion for summary judgment should be treated as a motion to amend the answer, to allow the Defendant to assert the affirmative defense that the Plaintiff's complaint is time barred by Rule 4007. The Plaintiff and Defendant later submitted the requested supplemental memoranda. *See* ECF Nos. 11 and 12, respectively.

## *JURISDICTION*

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409. Both the Plaintiff and Defendant have consented to the entry of a final order or judgment by this Court. *See* Compl. at ¶ 4; Def.'s Letter Confirming Consent to Entry of Final Judgment [ECF No. 8].

## *DISCUSSION*

### I.  **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[3] Defendant noticed his Cross-Motion for Summary Judgment for a hearing on the same day as Plaintiff's S.J. Motion. In so doing, the Defendant provided 7-days' notice of his Cross-Motion, notwithstanding this Court's Local Rule 9006-1(b) requiring that motion papers be served at least 14 days before the return date. At the hearing on the Plaintiff's S.J. Motion, the Court acknowledged that the Defendant had not afforded proper notice, but also noted that the Plaintiff had responded to the Defendant's Cross-Motion in its Reply without objecting to the insufficient notice period. The Court's request for supplemental briefing was motivated, in part, to allow Plaintiff a full opportunity to respond.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing that the undisputed facts entitle it to judgment as a matter of law.  *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-1061 (2d Cir. 1995). There is no genuine issue concerning any material fact when "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Thus, the Court must ask whether "the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     The Complaint is Untimely Under Bankruptcy Rule 4007

Bankruptcy Rule 4007(c) requires that a complaint "to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."[4]  Fed. R. Bankr. P. 4007(c).  "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id*; *see also* Fed. R. Bankr. P. 9006 (reinforcing that Rule 4007(c)'s deadline may only be extended upon a timely motion for cause shown).

In this case, the undisputed record clearly demonstrates that the Plaintiff filed its complaint after the expiration of this 60-day deadline.  The first date set for the meeting of creditors was June 7, 2018, putting the objection deadline at August 6, 2018.  Plaintiff does not

---

[4] Complaints alleging that a debt should be non-dischargeable under 11 U.S.C. §§ 523(a)(2), (4), or (6) are complaints alleging non-dischargeability under 11 U.S.C. § 523(c)(1) and as such are subjected to the 60-day period in Rule 4007.

5

deny that it received notice of the 341 meeting and objection deadline, but nonetheless failed to commence this action until August 30, 2018. *See* Pl.'s Suppl. Mem. at 10 ("[Plaintiff] made a common legal mistake by failing to file its objection to dischargeability within the sixty (60) day period subsequent to the first scheduled Section 341(a)."). At no point did Plaintiff seek, or obtain, an extension of time to object to discharge. As a starting point, then, the Complaint must be presumed to be untimely.

### III. Defendant's Motion for Summary Judgment Properly Constitutes a Motion to Amend the Answer

Notwithstanding its concession that its complaint was filed outside of the statute of limitations, the Plaintiff argues that the Defendant should not be allowed to raise the defense of untimeliness for the first time in response to a summary judgment motion. *See* Reply at ¶ 2-5. Plaintiff points to Rule 8 of the Federal Rules of Civil Procedure, which applies to bankruptcy proceedings by way of Bankruptcy Rule 7008. *See* Reply at ¶ 3. Federal Rule 8(c) (titled "Affirmative Defenses") states that "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." Fed. R. Civ. P. 8. Plaintiff argues that because the Defendant failed to plead the statute of limitations as an affirmative defense in his initial answer, the Court should deem this defense forfeited. *See* Reply at ¶ 2-5.

Plaintiff is of course correct that defenses based on timeliness generally must be raised in an answer or responsive pleading. In *Kontrick v. Ryan*, the Supreme Court explicitly reiterated this principle in the context of objections to discharge under Bankruptcy Rule 4007. 540 U.S. 443, 459 (2004). The Supreme Court went on to note, however, that Federal Rule 15(a) allows "a party [to] amend its pleading . . . [with] the court's leave," and further, that "[t]he court should

6

freely give leave when justice so requires," Fed. R. Civ. P. 15.[5] Applying these principles, the Court held that a party may properly amend its answer to include an inadvertently omitted affirmative defense so long as that party raises the defense, at the latest, at a trial on the merits. *Kontrick*, 540 U.S. at 459 (citing Fed R. Civ P. 15(a) and Fed. R. Bankr. P. 7015); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

While the Defendant in this case did not affirmatively seek to amend his answer to assert the defense of untimeliness, this is not material. Although "an affirmative defense . . . should be raised in the defendant's answer, the [bankruptcy] court has the discretion to entertain the defense when it is raised in a motion for summary judgment, by construing the motion as one to amend the defendant's answer." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)); *see also United States for & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989).

The settled rule in this Circuit is that "*absent prejudice to the plaintiff*, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." *Labrinos v. Exxon Mobil Corp.*, 349 Fed. Appx. 613, 615 (2d Cir. 2009) (emphasis in original) (quoting *Steinberg v. Columbia Pictures Indus.*, 663 F. Supp. 706, 715 (S.D.N.Y. 1987)); *see also Block*, 988 F.2d at 350 ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

---

[5] Rule 15 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.

7

Allowing the Defendant to amend his answer at this stage will not unduly prejudice the Plaintiff, and there have been no allegations of bad faith.[6] "In determining what constitutes 'prejudice,' we generally consider whether the assertion of the new claim or defense would '(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan*, 214 F.3d at 284 (quoting *Block*, 988 F.2d at 350).

Applied to our facts, the above considerations do not demonstrate undue prejudice; rather they support granting leave to amend. If the Defendant is permitted to assert a defense based on untimeliness, this would dispose of the Plaintiff's non-dischargeability claim in its entirety. Plaintiff will not be forced to expend additional resources to prepare for trial, since the need for a trial will be obviated. At this point in the case, neither party has taken any discovery. *See* Def.'s Suppl. Mem. at 4 ("[I]ndeed Plaintiff has not even circulated a scheduling order that would set dates for discovery"). Indeed, if the Defendant is allowed to assert a statute of limitations defense, this non-dischargeability action dispute would come to an immediate resolution.

While such an outcome is surely detrimental to the Plaintiff's cause, it does not constitute "undue prejudice" as articulated by the Second Circuit. Moreover, such a result is entirely consistent with goals and purposes of the Bankruptcy Code. *See Neeley v. Murchison*, 815 F.2d 345, 346–47 (5th Cir. 1987) (Rule 4007(c) evidences "a strong intent that the participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which

---

[6] The Court is not required to determine whether Plaintiff will suffer *any* prejudice (of course, any benefit to a one litigant will prejudice its adversary to some extent). Rather, the analysis is centered around whether the plaintiff would suffer "undue prejudice." Absent such undue prejudice, leave to amend is freely granted. Fed. R. Civ. P. 15(a); *see Forman*, 371 U.S. at 182; *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) ("Only *undue* prejudice warrants denial of leave to amend.") (emphasis in original).

8

debts are subject to an exception to discharge. This fixed, relatively short limitation period enables the debtor and creditors to make better-informed decisions early in the proceedings.").

On the facts before the Court, the Defendant may properly assert the statute of limitations time bar for the first time in its Motion for Summary Judgment. The Court deems the Defendant's Answer amended to include such an assertion.

### IV.    Plaintiff is Not Entitled to Equitable Tolling

As noted, Plaintiff does not dispute that this adversary proceeding was filed after the 60-day deadline. Standing alone, this would entitle the Defendant, without any further inquiry, to judgment as a matter of law. However, Plaintiff argues that if the Defendant is permitted to amend his answer, then Plaintiff should be entitled to equitable tolling of the statute of limitations. *See* Pl.'s Suppl. Mem. at 4–7.

The doctrine of equitable tolling "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Gavin*, 219 F.3d 111, 113 (2d Cir. 2000). As the Supreme Court has held, Rule 4007 is akin to a statute of limitation and is not jurisdictional in nature. *Kontrick*, 540 U.S. at 447–48, n.3 (characterizing Rule 4007(c)'s 60-day deadline as a statute of limitation, as opposed to a jurisdictional restriction); *Yesh Diamonds, Inc. v. Yashaya*, 2010 WL 3851993, at *2 (E.D.N.Y. Sept. 27, 2010). As numerous courts have held, since the time limitations of Rule 4007(c) are comparable to a statute of limitations, they are therefore subject to equitable defenses. *See. e.g.*, *In re Camus*, 386 B.R. 396, 397–98 (Bankr. D. Conn. 2008) (citing *Eur. Am. Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 54 (2d Cir.1996)).

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in

9

his way. *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). For example, equitable tolling is proper where the movant has been misled or where evidence has been concealed. It is not proper, however, where a plaintiff has failed to act diligently to pursue its rights. *See In re Bressler*, 600 B.R. 739, 749 (Bankr. S.D.N.Y. 2019), *reconsideration denied*, 2019 WL 2382947 (Bankr. S.D.N.Y. June 4, 2019) (citing *In re Higgins*, 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001)).

Extraordinary circumstances may be present where a defendant has fraudulently concealed facts that would have allowed the plaintiff to discover he had a claim, *see Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 157 (2d Cir. 2012), or where a plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time-period. *See, e.g., Young v. United States* 535, U.S. 43, 50 (2002). Extraordinary circumstances simply do not exist, however, where—as here—the plaintiff is aware of the deadline but fails to adhere to it or timely ask for an extension. *In re Bressler*, 600 B.R. at 749. The mere existence of deadlines, however short a party may believe them to be, cannot reasonably be deemed "extraordinary circumstances."

The Court finds no reason to extend the statute of limitations in this case. First, the Plaintiff has entirely failed to establish that it acted with reasonable diligence in prosecuting this non-dischargeability action. *See Koch* 699 F.3d at 157 ("Reasonable diligence is a prerequisite to the applicability of equitable tolling."). Plaintiff does not dispute that it received explicit notice of the objection deadline, which is established by statute, and concedes that it nonetheless failed to file its complaint until after the deadline had expired. *See* Pl.'s Suppl. Mem. at 2.

Moreover, Plaintiff's contention that there are "extraordinary circumstances" in this case is without merit. In support of this argument, Plaintiff merely points to what it characterizes as

the "incredibly short window to file the dischargeability of debt action . . . in accordance with the provisions set forth in Rule 4007(c) of the Bankruptcy Rules" and the fact that the initial 341(a) meeting of creditors had been adjourned.  Pl.'s Suppl. Mem. at 6.  Plaintiff further attempts to characterize the untimeliness of the complaint as the result of a "common legal mistake."  Pl.'s Suppl. Mem. at 6.

Where the statutory time frame is too short for a party to decide whether it should pursue a non-dischargability action, parties routinely ask that the court so-order stipulations to extend the deadline to object to dischargeability in order to allow time for discovery, a dialogue with the Debtor, or for a host of other reasons.  And, Rule 4007 explicitly provides a mechanism for obtaining relief from the short time frame but makes clear that any relief must be pursued *before* the expiration of the 60-day deadline.  *See* Rule 4007(c) ("[T]he court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired."); *see also In re Hardin*, No. 18-70395-LRC, 2019 WL 2612752, at *2 (Bankr. N.D. Ga. June 24, 2019) ("[T]he Court has no authority to extend the Rule 4007 Deadline due to Plaintiff's counsel's mistake [as to the deadline].").  Reinforcing Rule 4007(c)'s restriction on extending the Rule 4007(c) deadline, Bankruptcy Rule 9006(b)(3) departs from its predecessor, Rule 906, by removing 'excusable neglect' as a listed reason for which the court may enlarge the time to act under Rule 4007(c).  As Justice Ginsburg noted in *Kontrick*, Rule 9006(b)(3) now allows for such an enlargement only to the extent and under the conditions stated in Rule 4007(c), *i.e.* for cause shown upon motion made before the time has expired.  540 U.S. at 448 (quoting Fed. R. Bankr. P. 9006(b)(3)); *see also Neeley*, 815 F.2d at 346.

11

Here, the Plaintiff simply ignored the statutory deadline and did not avail himself of either a stipulation or a motion to extend the deadline to object. There simply are no extraordinarily circumstances warranting equitable tolling here.

In sum, the Plaintiff has not met its burden of establishing that it is entitled to equitable tolling to save its untimely complaint. This outcome is by no means incongruent with the Court's decision to allow the Defendant to amend his complaint. *See, e.g., Jackson v. Rockford Hous. Auth.,* 213 F.3d 389, 397–98 (7th Cir. 2000) ("[T]he district court did not err in permitting the defendant to file an amended answer to the complaint. Further . . . neither the doctrine of equitable estoppel nor the doctrine of equitable tolling are applicable in this case . . . .").

## *CONCLUSION*

For the foregoing reasons, the Defendant's Motion for Summary Judgment is granted, and the above-captioned adversary proceeding is dismissed. Because the Court finds that the Plaintiff's claim is time barred, the Court need not address the merits of the Plaintiff's Motion for Summary Judgment, which is hereby denied.

**IT IS SO ORDERED.**

Dated: New York, New York
    July 11, 2019                              *s/ Mary Kay Vyskocil*
                                                  Honorable Mary Kay Vyskocil
                                                  United States Bankruptcy Judge